UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRENDA K. BROWN,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

_____ /

CASE NO. 2:14-cv-13738

HON. MARIANNE O. BATTANI

**OPINION AND ORDER OVERRULING THE PLAINTIFF'S OBJECTIONS
AND ADOPTING THE REPORT AND RECOMMENDATION**

## I. INTRODUCTION

Before the Court are Plaintiff Brenda K. Brown's objections (Doc. 15) to Magistrate Judge David R. Grand's November 24, 2015, Report and Recommendation ("R&R") (Doc. 14). In the R&R, Magistrate Judge Grand recommended that the Court grant Defendant Commissioner of Social Security's motion for summary judgment (Doc. 13) and deny Plaintiff's motion for summary judgment (Doc. 11). For the reasons that follow, the Court **OVERRULES** the Plaintiff's objections and **ADOPTS** the R&R.

## II. STATEMENT OF FACTS

As the parties have not objected to the R&R's recitation of the facts, the Court adopts that portion of the R&R. (See Doc. 14, pp. 2-9.)

## III. STANDARD OF REVIEW

**A. Objections to a Magistrate Judge's R&R**

A district court must conduct a *de novo* review of the portions of a magistrate judge's report and recommendation to which a party objects. 28 U.S.C. § 636(b)(1). The district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate" judge. Id. The requirement of *de novo* review "is a statutory recognition that Article III of the United States Constitution mandates that the judicial power of the United States be vested in judges with life tenure." United States v. Shami, 754 F.2d 670, 672 (6th Cir. 1985). Accordingly, Congress enacted 28 U.S.C. § 636(b)(1) to "insure[ ] that the district judge would be the final arbiter" of a matter referred to a magistrate. Flournoy v. Marshall, 842 F.2d 875, 878 (6th Cir. 1987).

The Sixth Circuit has made clear that "[o]verly general objections do not satisfy the objection requirement." Spencer v. Bouchard, 449 F.3d 721, 725 (6th Cir. 2006). Only specific objections are entitled to *de novo* review; vague and conclusory objections amount to a complete failure to object as they are not sufficient to pinpoint those portions of the R&R that are legitimately in contention. Mira v. Marshall, 806 F.2d 636, 637 (6th Cir.1986) (per curiam). "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995). "'[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings . . . believed [to be] in error' are too general." Spencer, 449 F.3d at 725 (quoting Miller, 50 F.3d at 380).

**B.  Standard of Review Applicable to Social Security Cases**

2

This Court has jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g). Judicial review is limited to determining whether the Commissioner's decision is supported by substantial evidence and was made pursuant to proper legal standards. Rogers v. Comm'r of Soc. Sec., 486 F.3d 234, 241 (6th Cir. 2007). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (internal quotation marks omitted). If the Commissioner's decision is supported by substantial evidence, "it must be affirmed even if the reviewing court would decide the matter differently and even if substantial evidence also supports the opposite conclusion." Cutlip v. Sec'y of Health & Human Servs., 25 F.3d 284, 286 (6th Cir. 1994) (internal citations omitted).

When reviewing the Commissioner's factual findings for substantial evidence, the Court is limited to an examination of the record and must consider that record as a whole. Wyatt v. Sec'y of Health & Human Servs., 974 F.2d 680, 683 (6th Cir. 1992). There is no requirement, however, that either the Commissioner or this Court discuss every piece of evidence in the administrative record. Kornecky v. Comm'r of Soc. Sec., 167 F. App'x 496, 508 (6th Cir. 2006). Further, this Court does "not try the case de novo, resolve conflicts in evidence, or decide questions of credibility." Bass v. McMahon, 499 F.3d 506, 509 (6th Cir. 2007).

## IV. DISCUSSION

Plaintiff's sole objection to the R&R challenges the weight the Administrative Law Judge ("ALJ") afforded to the opinion of Plaintiff's treating psychiatrist, Duncan Magoon, M.D. On March 27, 2014, Dr. Magoon completed a Mental Residual Functional

3

Capacity Report on Plaintiff's behalf, indicating that she suffered marked limitations in most work-related functions. (Tr. 550-51). According to Plaintiff, Dr. Magoon's opinion should have been afforded controlling weight pursuant to the "Treating Physician Rule," 20 C.F.R. § 404.1527(c)(2).

Treating physician opinions are given controlling weight if they are "well-supported by medically acceptable clinical and laboratory diagnostic techniques and [are] not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(c)(2). The Social Security regulations explicitly state that the length of the treating relationship is to be taken into account in assigning weight, such that "the longer a treating source has treated you and the more times you have been seen by a treating source, the more weight we will give to the source's medical opinion." Id. In deciding not to afford Dr. Magoon's opinion controlling weight, the ALJ observed that he "appears to have only recently begun to treat the claimant; the record contains only *one examination report* of Dr. Magoon (his initial December 2013 examination)." (Tr. 21 (emphasis added)). Plaintiff contends that this observation is inconsistent with the R&R's summary that "[a] review of the documentary evidence in the record demonstrates that Dr. Magoon initially examined Brown in December 2013 (Tr. 480-82), and according to her own testimony, he at most saw her on *two other occasions* before drafting the above RFC [Residual Functional Capacity] assessment in March 2014." (Doc. 14, p. 13 (emphasis added)). According to Plaintiff, the ALJ inappropriately premised her determination that Dr. Magoon's opinion was not entitled to controlling weight on the erroneous finding that this opinion was based only on one examination.

4

During the administrative hearing, Plaintiff testified that she had seen Dr. Magoon three times prior to the March 31, 2014, hearing date. (Tr. 54, 56). The ALJ was correct, however, in stating that the record contains only one examination report by Dr. Magoon. The R&R does not contradict the ALJ's finding. Rather, it reasons that even if Plaintiff's testimony is to be credited, Dr. Magoon treated Plaintiff *at most* on two other occasions before drafting his RFC assessment – and, therefore, for what remains a short treating relationship.

Plaintiff also objects to the fact that the ALJ credited examination reports rendered by her primary care physician, Donald Robinson, M.D., over Dr. Magoon's opinion. Plaintiff contends that as a specialist in the field of psychiatry, Dr. Magoon should have been afforded greater weight than a primary care physician. See 20 C.F.R. § 404.1527(c)(5) ("We generally give more weight to the opinion of a specialist about medical issues related to his or her area of specialty than to the opinion of a source who is not a specialist."). Both the ALJ and the Magistrate Judge have observed that Dr. Robinson's notes indicate that Plaintiff has normal attention span and concentration. The Magistrate Judge made specific and numerous citations to the record in observing that "Dr. Robinson's records indicate that, over the course of approximately one year, Brown reported that she no longer suffered from depression, she denied having any difficulty with concentration, and disclaimed any thoughts of anxiety or other mental issues." (Doc. 14, p. 13). Accordingly, the ALJ's written decision and the R&R rely not only on Dr. Robinson's non-specialist observations but also on the inconsistencies between Plaintiff's own self-reports and her claims of disability. Taken together with reports by one-time treating source Leslie MacAuley, M.D., and consultative examiner

5

R. Scott Lazzara, M.D., the weight of substantial evidence could reasonably be said to support the ALJ's conclusions.

Finally, Plaintiff objects that, consistent with the little weight accorded to Dr. Magoon's opinion due to the brevity of the treatment relationship, the ALJ should have also accorded little weight to one-time examining sources Drs. MacAuley and Lazzara. This argument misses the mark.  Dr. MacAuley's and Dr. Lazzara's opinions properly offer support for the ALJ's conclusion because they are consistent with the record as a whole.  See Winn v. Comm'r of Soc. Sec., 514 F. App'x 315, 320 (6th Cir. 2015) ("If an ALJ decides that the opinion of a treating source should not be given controlling weight, the ALJ must take certain factors into consideration when determining how much weight to give the opinion, including . . . 'consistency of the opinion with the record as a whole . . . .'") (quoting Wilson v. Comm'r of Soc. Sec., 378 F.3d 541, 544 (6th Cir. 2004)). Indeed, the ALJ noted in reference to Dr. Lazzara's opinion that it "is *supported by the evidence in general* and is not contradicted by other medical opinion evidence provided by a treating or examining source." (Tr. 21 (emphasis added)).  Further, it is not improper for an ALJ to afford greater weight to a reviewing source than to a treating source, if the former is supported by substantial evidence.  See, e.g., McGrew v. Comm'r of Soc. Sec., 343 F. App'x. 26, 31-32 (6th Cir. 2009).

## V.  CONCLUSION

For the foregoing reasons, the Court **OVERRULES** Plaintiff's objections and **ADOPTS** the Magistrate Judge's recommendation to grant Defendant's motion for summary judgment and deny Plaintiff's motion for summary judgment.

**IT IS SO ORDERED.**

Date: March 7, 2016    s/Marianne O. Battani
MARIANNE O. BATTANI
United States District Judge

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on March 7, 2016.

s/ Kay Doaks
Case Manager